UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUKE BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12-CV-02290 ERW/NAB |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Nannette A. Baker [ECF No. 23], pursuant to 28 U.S.C. § 636(b)(1), recommending the denial of Petitioner Luke Brown's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [ECF No. 1]. Defendant filed timely objections to the Report and Recommendation. [ECF No. 24].

**I.     BACKGROUND**

On December 4th, 2007, Petitioner was found guilty after a jury trial of first-degree murder, and armed criminal action, in the Circuit Court of the City of Saint Louis. *See State v. Brown*, Cause No. 0622-CR02088-01 (22nd Judicial Circuit). Petitioner was sentenced to a term of life imprisonment, without the possibility of parole, on the murder conviction, and a term of twenty-five years imprisonment on the armed criminal action conviction, with the terms to be served consecutively. [ECF No. 9 Ex. B. at 59-62].

Petitioner filed a direct appeal of his conviction with the Missouri Court of Appeals, which denied relief. *State v. Brown*, 281 S.W.3d 850 (Mo. Ct. App. 2009); [ECF No. 9 Exs. C & E]. Petitioner then filed an amended 29.15 motion for post-conviction relief, and was granted an

1

evidentiary hearing, but his motion was ultimately denied. [ECF No. 9 Exs. F at 1-30, G at 14-27, 34-41]. Petitioner then appealed the denial of the Rule 29.15 Motion Court's ruling to the Missouri Court of Appeals, [ECF No. 9 Ex. H] where the Court of Appeals affirmed the Motion Court's denial of the 29.15 motion. *Brown v. State*, 353 S.W.3d 675 (Mo. Ct. App. 2011); [ECF No. 9 Ex. J]. Petitioner filed his petition for writ of habeas corpus in this Court on December 11, 2012, making six claims for habeas relief, including: claim one - use of post-*Miranda* silence at trial to infer guilt with a videotaped statement; claim two – prosecutor's improper references to silence during closing argument; claim three - insufficient evidence to support Petitioner's conviction of first-degree murder in that the state failed to prove the element of deliberation beyond a reasonable doubt; claim four - ineffective assistance of trial counsel for failing to convey State's plea bargain to petitioner; claim five - ineffective assistance of trial counsel for failing to advise Petitioner of the merits of the defense versus the state's plea offer; and claim six - referring to facts not in evidence during closing argument. [ECF No. 1].

I. **STANDARD**

When a party objects to a Report and Recommendation, the court must "make a de novo review determination of those portions of the record or specified proposed findings to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254 (2000)." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005), as amended (June 21, 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show the state court

decision:

> "**(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254. State court decisions are contrary to federal law if "the state court either 'applies a rule that contradicts the governing law set forth in our cases,' or 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) *quoting Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). An unreasonable application of precedent is found where the state court uses the correct governing legal principle, but unreasonably applies the principle to the facts of the case. *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Therefore a federal court making an "unreasonable application" inquiry, should determine whether the state court's interpretation was objectively reasonable, and although the Supreme Court has not defined "objectively reasonable", it should be noted that "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, 529 U.S. at 410.

## III. DISCUSSION

Petitioner makes four specific objections to the Report and Recommendation, and one general objection. [ECF No. 24]. Petitioner first objects to the Magistrate Judge's finding the State Court's resolution of claims one and two concerning Petitioner's post-arrest silence, did not result in a decision contrary to, or involved in an unreasonable application of clearly established federal law, as established by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at the state court

3

proceedings. [ECF No. 24 at 2]. Petitioner next objects to the magistrate judge's findings that the Court of Appeals findings as to claim three were not contrary to, nor did they involve an unreasonable application of clearly established federal law, as determined by the Supreme Court, nor was it the result of a decision based on an unreasonable determination of the evidence presented at State Court hearings. [ECF No. 24 at 3]. Petitioner then objects to the Magistrate Judge finding Petitioner's counsel's performance was not deficient, where counsel did not advise petitioner of the plea offer, or failed to advise him of the relevant merits of his self-defense argument. [ECF No. 24 at 3]. Finally, Petitioner objects to the Magistrate Judge's recommendation prosecutorial misconduct is properly defaulted and lacks merit. [ECF No. 24 at 4]. The petitioner also makes general statement contending the Report and Recommendation misapprehends the facts and law. [ECF No. 24 at 4].

> a. *Petitioner's objection to Magistrate Judge's findings in relation to Claims One and Two of Petitioner's Writ of Habeas Corpus regarding Petitioner's post-arrest silence*

Petitioner objects to the Magistrate Judge's finding the State Court's resolution of claims one and two concerning petitioner's post-arrest silence, was not contrary to or did not involve an unreasonable application of clearly established federal law, as established by the Supreme Court, or did not result in a determination that was based on an unreasonable determination of the facts in light of the evidence presented at State Court proceedings. [ECF No. 24 at 2]. In response to the Magistrate Judge's finding on claim one, Petitioner argues he was not impeached by a prior inconsistent statement, but rather with a prior invocation of the right to silence by showing a videotaped statement. [ECF No. 24 at 2]. In response to claim two, Petitioner argues the Prosecutor's attempts to impeach the Petitioner with Petitioner's invocation of his right to silence, during closing argument, and violated his Constitutional Rights. [ECF No. 24 at 2].

The Fifth Amendment states no person, "shall be compelled to be a witness against himself," and is applied to the States through the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 10-11 (1964). The Fifth Amendment also requires police to warn individuals taken into custody of these rights under *Miranda*. *Miranda v. Arizona*, 384 U.S. 426, 444 (1966). "The use for impeachment purposes of petitioners' silence at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S. Ct. 2240, 2245, 49 L. Ed. 2d 91 (1976). State courts have "some leeway" to reach reasonable judgments in regards to determining permissible references to post-arrest silence, as the Supreme Court has not answered all questions in regards to *Doyle*. *Dansby v. Hobbs*, 766 F.3d 809, 821 (8th Cir. 2014). Although not every reference to an accused post-Miranda warning silence violates the principles of due process. *Id*. at 820.

i. *Claim One - Videotaped Statement showing Petitioner's invocation of silence*

Petitioner hopes to distinguish his case, by noting in his objection he was not impeached by a prior inconsistent statement, but rather with a prior invocation of the right to silence. [ECF No. 24 at 2]. The Missouri Court of Appeals held the state was free to show the circumstances under which the right to remain silent had been waived, and it also held the state did not create an inference of guilt when the tape was stopped. [ECF No. 9 Ex. E]. The Report and Recommendation determined this finding was not contrary to, or did not involve an unreasonable application of clearly established federal law, as established by the Supreme Court, or did not result in a determination based on an unreasonable determination of the facts in light of the evidence presented at State Court proceedings. [ECF No. 23 at 9].

The following is the transcript of the videotaped statement, after Petitioner was given his *Miranda* rights, which are also on video.

5

**Detective Stone**: Do you wish to waive or set these rights aside and make a statement in your own words at this time?

**Brown**: Yes.

**Detective Stone**: Okay. The time is now 3:31 a.m. Today's date is August 4, 2006. We are presently in the police academy located at the 315 South Tucker, television studio. Mr. Brown, do you see the videocassette recorder up there with the red lights on.

**Brown**: Yes.

**Detective Stone**: Show's it's running You see the red light? Okay. All right. Do me a favor. Just speak up for me here. Can you give me your full name?

**Brown**: Lucas Dean Brown.

**Detective Stone**: Okay. How old are you?

**Brown**: Twenty-four.

**Detective Stone**: Okay. What is your date of birth?

**Brown**: 3-11-82.

**Detective Stone**: Okay. Where were you born at?

**Brown**: Stanley, Wisconsin

**Detective Stone**: Okay. What is your occupation?

**Brown**: Bindery. In a factory.

**Detective Stone**: Okay. Are you married or single?

**Brown**: Single.

**Detective Stone**: Okay. What is your home address?

**Brown**: 3849 Eiler.

**Detective Stone**: Okay. Okay. This is going to be in regards to a homicide which occurred on August the 8th, 2006 with the victim being a John Mitchell. The incident occurred at 3430 McKean. Mr. Brown, at this time in your own words why don't you tell us your involvement in this case.

>**Brown**: Well he was at the bar that we were all at and we were kind of poking fun at him. And then the bar closed and I was driving down the road and I saw him and I picked him up. And we just started driving around. And then he kept trying to touch me, show me his stuff. I can't do this right now.
>
>**Detective Stone**: What do you mean, you can't do this right now?
>
>**Brown**: I have to stop.
>
>**Detective Stone**: You want to stop?
>
>**Brown**: Yeah. I just want to stop this right now for a little bit. Is that possible?
>
>**Detective Stone**: Yeah, it's possible. We can stop right now. Want to stop?
>
>**Brown**: Yeah.
>
>**Detective Stone**: Okay. We'll stop. All right. The time now is 3:33 am. Still on August the 4th, 2006.

[ECF No. 9 Ex. A at 21-24]. A redacted version of the tape was shown in court, and stopped after Brown responds "Yeah.", after Detective Stone first asking of "You want to stop?" [ECF No. 9 Ex. A at 423-34].

This Court agrees with the Report and Recommendation after completing its de novo review. The trial court abridged the video in order to prevent any unnecessary impeachment from entering the record in regards to petitioner's invocation of his right to remain silent. Petitioner's initial invocation of his right to remain silent was unclear, and only the amount necessary to clarify his invocation was shown. The prosecutor did not use the invocation of his right to remain silent, but rather used his statements, and only presented the necessary recordings to the jury. Failing to include the end of the interview would have prevented a logical conclusion to the end of the interview, and would have left the jury with more questions than answers. The Report and Recommendation also notes, *Haberek v. Maloney*, 81 F. Supp. 2d 202 (D. Mass. 2000), to show other district courts have found a state court did not make a contrary decision to

7

*Doyle* or an unreasonable application of Supreme Court precedent, where a police officer's testimony concerning the end of the interrogation was introduced so as not to confuse the jury as to why the interview ended abruptly. *Haberek*, 81 F. Supp. at 209.

The Court agrees with the Magistrate in reference to this petitioner's objection and will adopt and sustain Judge Baker's Report and Recommendation on this issue.

    ii.    *Claim Two – Invocation of Silence during Prosecutor's Closing Argument*

The Petitioner also objects to the Magistrate's Report and Recommendation the Missouri Court of Appeals resolution of claim two did not result in a decision which was contrary to, or involved in an unreasonable application of clearly established Federal Law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented at State Court hearings. Petitioner argues he was impeached, not by a prior inconsistent statement in the Prosecutor's closing arguments, but rather with a prior invocation of his right to remain silent, thus violating the due process clause of the Fourteenth Amendment. [ECF No. 24 at 2].

The Court reviews Petitioner's arguments, under the guidance provided primarily in *Anderson v. Charles*, in regards to *Doyle*:

> "*Doyle* does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all."

*Anderson v. Charles*, 447 U.S. 404, 408 (1980). In *Anderson*, the Supreme Court held there was no *Doyle* violation, where the prosecutor discussed omissions from the defendant's initial statement to police, after waiving his *Miranda* rights, to impeach defendant's trial testimony. *Id.* "Each of two inconsistent descriptions of events may be said to involve silence, insofar as it

8

omits facts included in the other version. But *Doyle* does not require any such formalistic understanding of silence." *Id*. at 409.

Petitioner asserts there are four improper references to his post- *Miranda* silence in the prosecutor's closing argument, and they are as follows:

"He never says self-defense to Detective Stone."
...
"He doesn't say self-defense until 14 months later. Yesterday. That's when he says self-defense. He doesn't say it to the police. It's yesterday that you hear self-defense."
...
"This is something 14 months later he gets up there on the stand and says it was self-defense."
...
"The truth is the truth. You shouldn't, it shouldn't come out the first time 14 months later. It should have come out to the detectives."

[ECF No. 9 Ex. A at 626-9, 650]. The Court also notes, prior to the videotaped statement, after being read his *Miranda* rights, Petitioner answered questions from Officer Jeffrey Stone and Officer Thomas Carrol where he admits to stabbing the victim, and never mentioned self-defense. [ECF No. 9 Ex. A at 419-28].

The Court recognizes the Prosecutor did not commit a *Doyle* error, for pointing out Petitioner's failure to talk about self-defense in his initial statements to police. The prosecutor's closing statement was not a *Doyle* violation, because Petitioner waived his *Miranda* rights and discussed the incident with police, similar to the defendant in *Anderson*. The Court also agrees with the Report and Recommendation that if such an error did occur it did not have a "substantial and injurious effect or influence in determining the jury's verdict", because of the overwhelming evidence of Petitioner's guilt. [ECF No. 23 at 15].

In determining whether to grant habeas relief the standard is "whether the *Doyle* error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v.*

*Abrahamson*, 507 U.S. 619, 622 (1993) (citing *Kotteakos v. United States,* 328 U.S. 750, 776 (1946)). In §2254 proceedings, a court needs to assess the prejudicial impact of the constitutional error in a state-court criminal trial under the substantial and injurious standard set forth in *Brecht*, and may not award habeas relief under §2254, unless the harmless determination itself was unreasonable. *Chapman v. California*, 386 U.S. 18, 24 (1967); *see Fry v. Pliler*, 551 U.S. 112, 120 (2007). The objectively unreasonable approach provides more deference to the state court than a "clear error" approach. *Lockyer v. Andrade*, 538 U.S. 63, 65, 123 S. Ct. 1166, 1169, 155 L. Ed. 2d 144 (2003). Constitutional error alone is not enough to justify habeas relief, rather relief is required only if there is a substantial and "injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 623.

The Missouri Court of Appeals found it was proper for the prosecutor in the closing argument to comment on Brown's failure to discuss his self-defense argument with the police officers in his prior post-arrest statement. [ECF No. 9 Ex. E]. The Report and Recommendation determined this was not a decision contrary to, or involved an unreasonable application of clearly established Federal Law, as established by the Supreme Court, nor was it a result of a decision which was based on an unreasonable determination of the facts in light of the evidence presented at the state Court Proceedings. [ECF No. 23 at 12]. The Magistrate found, if there was any error it was harmless, as Petitioner has not demonstrated any prejudice, because of the overwhelming evidence of guilt. [ECF No. 23 at 12]. The Court agrees with this decision.

There is overwhelming evidence of Petitioner's guilt, thus preventing any possible *Doyle* violations from having an "injurious effect or influence in determining the verdict." The victim received 29 stab wounds, and had wounds in the head, chest, and around the throat to the spine. [ECF No. 9 Ex. A]. Petitioner also burned the clothes he was wearing that night, and buried the

10

murder weapon in his backyard. [ECF No. 9 Ex. A]. Further there are significant credibility questions, such as the absence of any food in the victim's stomach, despite Petitioner's assertion they had both eaten food. [ECF No. 9 Ex. A].

The Court agrees with the Magistrate in reference to this petitioner's objection and will adopt and sustain the Report and Recommendation on this issue.

> b. *Petitioner's objection to the Magistrate Judge's finding on Claim Three regarding the sufficiency of the evidence in regards to Petitioner's deliberation required for first degree murder*

Petitioner next objects to the Magistrate Judge's conclusion the Missouri Court of Appeals' findings and conclusions as to claim three of Petitioner's Writ of Habeas Corpus were not contrary to, nor did they involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. [ECF No. 24 at 3]. Petitioner argues the Missouri Court of Appeals, made an unreasonable determination of the evidence in failing to account for the petitioner's testimony he was being sexually assaulted by the victim, putting him in a "panicked and fearful state", thus negating the deliberation required for murder. *Id.*

First degree murder in Missouri requires a person to "knowingly caus[e] the death of another person after deliberation on the matter." Mo. Rev. Stat. §565.020(1). Deliberation is defined as "means cool reflection for any length of time no matter how brief" Mo. Rev. Stat. §565.002(3). Deliberate acts are acts done with free will in the furtherance of a formed design to accomplish some unlawful purpose, not under the influence of some violent passion as aroused by a provocation. *State v. Miller*, 220 S.W.3d 862, 868 (Mo. App. W.D. 2007). In petitioner's state appeal, the Missouri Court of appeals determined there was sufficient evidence to support

11

Brown's convictions. [ECF No. 9 Ex. E].

This Court must give deference to the state appellate court's rejection of a challenge on the sufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 323 (1979). "The [Petitioner] is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. State law determines the specific elements of the crimes. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). The Court must presume "the trier of fact resolved all conflicting inference in the record in favor of the state, and we must defer to that resolution." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003) (*citing Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir.2002)).

The Magistrate Judge's Report and Recommendation determined the Missouri Court of Appeals did not commit error in determining there was sufficient evidence of deliberation. [ECF No. 23 at 12-15]. After a *de novo* review, this Court agrees with the Report and Recommendation.

Brown's own testimony, independent of any credibility determinations, is enough to find evidence of deliberation. Petitioner testified after the victim grabbed his testicles, he tried to cut the victim. [ECF No. 9 Ex. A at 535]. He then stopped the car, got out of the car, opened the passenger door and asked the victim to get out of the car. *Id.* at 536-537. He then proceeded to stab the victim again, after the victim grabbed him, and stabbed him repeatedly, until the victim stopped "terrorizing" him. *Id.* at 540.

Further, stab wounds indicate the victim was stabbed 29 times, and received stab wounds in the head, eyes, chest, and across the throat to victim's spine. [ECF No. 9 Ex. A]. This is more than sufficient evidence to determine Petitioner had the required element of deliberation. In any event, the Missouri Court of Appeals' rulings were not contrary to, or did not involve an

unreasonable application of clearly established federal law, as established by the Supreme Court, nor did they result in a decision based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings. Therefore, the Court agrees with the Magistrate Judge's Report and Recommendation on this issue, and accordingly Petitioner's objection will be overruled.

> c. *Petitioner's objection to the Magistrate Judge's finding that the State Court's resolution of Claims Four and Five regarding ineffective assistance of trial counsel for failing to advise petitioner of a plea offer, and advising him of the relevant merits of a claim of self-defense.*

Petitioner next objects to the Magistrate Judge's finding his counsel was not deficient as to claims four and five of Petitioner's Petition for Writ of Habeas Corpus. [ECF No. 24 at 3]. Petitioner argues reasonably competent counsel would have advised petitioner of a plea offer made by the state and better advised petitioner on the merits of the self-defense theory, and when the Missouri Court of Appeals determined he did not receive ineffective assistance of counsel, it was an unreasonable application of *Strickland v. Washington* and its progeny.

A petitioner claiming ineffective assistance of counsel must show: (1) his counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) there is a reasonable probability if not for the deficient performance the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of this test is met, where a petitioner identifies specific instances where counsel's performance was deficient. *Id.* at 690.

Deficient performance can be demonstrated where "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's representation is measured "under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). "That standard is necessarily a general one. 'No particular set of

13

detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.'" *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009). All the facts in a particular case are taken into account in determining whether counsel acted reasonably. *Marcrum v. Luebbers*, 509 F.3d 489, 502 (8th Cir. 2007). There is a strong presumption counsel's conduct is within the constitutional range of reasonableness. *Strickland*, 466 U.S. at 689.

Counsel's deficient performance is prejudicial when "there is a reasonable probability, that is, one 'sufficient to undermine confidence in the outcome,' that the result would have been different but for the deficiency." *Close v. United States*, 679 F.3d 714, 716 (8th Cir. 2012). In determining prejudice, the Court must note, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695.

> i. *Claim Four – Petitioner's claim of ineffective assistance of Counsel for failing to advise him of a plea offer*

Petitioner in his objection contends reasonably competent counsel in similar circumstances would have advised petitioner of the plea offer. [ECF No. 24 at 3]. The Rule 29.15 Motion Court held an evidentiary hearing and heard testimony from petitioner and his trial counsel to determine this issue. [ECF No. 9 Ex. F]. Petitioner's counsel testified he received a written plea offer from the state for "soft life" plus fifteen years and he presented this plea offer to the Petitioner, but the Petitioner was uninterested in the offer. [ECF No. 9 Ex. A at 6-7]. Petitioner in turn testified he never heard of the plea offer from his defense counsel, and if he had he would've taken the plea offer. [ECF No. 9 Ex. F at 18]. The state court reviewing Petitioner's initial post-conviction motions, found Brown's trial counsel credible and determined trial counsel informed petitioner of the plea offer. [ECF No. 9 Ex. I at 3, Ex. J at 6].

Credibility determinations are part of the deference owed to state courts pursuant to

§2254(e)(1). *Smulls v. Roper*, 535 U.S. 853, 864. In reviewing Petitioner's objections de novo, Petitioner has failed to show by clear and convincing evidence the state's court finding of a plea offer being made did not occur. Therefore, the Court agrees with the Magistrate Judge's Report and Recommendation on this issue, and accordingly Petitioner's objection will be overruled on this matter.

> ii. *Claim Five – Petitioner's claim of ineffective assistance of Counsel for his advice on the merits of self – defense as a trial strategy*

Petitioner in his objection also contends reasonably competent counsel would have advised him of the relevant merits of the self-defense theory in comparison to the plea offer. [ECF No. 24 at 3].

A defendant may reject a plea bargain, and after receiving a fair trial, may still show prejudice if the plea bargain would have resulted in a shorter sentence, but the defendant must show but for his counsel's advice he or she would have accepted the plea. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). However, claims of ineffective assistance of counsel are highly deferential to reasoned choices of trial strategy, even where the trial strategy does not turn out to be successful. *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995).

This Court has already determined it was not an unreasonable for the State Motion Court to determine Petitioner was aware of the plea offer, based on testimony from his counsel. Further this Court agrees with the Magistrate Judge's Report and Recommendation in determining self-defense is not an absurd trial strategy for this case, and it was not ineffective assistance of counsel for trial defense counsel to pursue as a strategy. Petitioner admitted killing the victim in his initial statements to police and alleged the victim sexually assaulted him. A trial strategy is not ineffective, simply because it was not a winning one, and the Court will not use perfect hindsight to determine trial counsel's performance was deficient.

15

The Missouri Court of Appeals' rulings were not unreasonable in failing to determine ineffective assistance of counsel. Therefore, the Court agrees with the Magistrate Judge's Report and Recommendation on this issue, and accordingly Petitioner's objection will be overruled.

   d. *Petitioner's objection to Magistrate Judge's finding the State Court's resolution of Claim Six regarding prosecutorial misconduct is procedurally defaulted and lacks merit.*

Petitioner next objects to the Magistrate Judge finding Petitioner's claim six regarding prosecutorial misconduct is procedurally defaulted and lack merit. [ECF No. 24 at 4]. Petitioner admits his claim is procedurally defaulted, but in his habeas petition argued he can demonstrate cause and prejudice to overcome the default. [ECF No. 23 at 19].

"Failure to raise a claim on appeal reduces the finality of appellate proceedings, deprives the appellate court of an opportunity to review trial error, and undercuts the State's ability to enforce procedural rules." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Where a state prisoner defaults his claims in state court pursuant to an independent and adequate state rule, federal habeas review is barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) citing *Coleman*, 501 U.S. at 750. Cause for a procedural requires a petitioner to show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Prejudice is established where a petitioner can demonstrate the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). If a petitioner cannot show cause, then the Court need not address whether petitioner has been prejudiced by the alleged constitutional violations. *Leggins v. Lockhart*, 822 F.2d 764, 768 (8th

Cir. 1987).

Petitioner in the current case did not object to the prosecutor's comments during trial. [ECF No. 9 Ex. A]. Petitioner also did not present a claim of ineffective assistance of conduct based on counsel's failure to object, nor did Petitioner present an independent claim of prosecutorial misconduct in state court. [ECF No. 9 Exs. C, G]. Petitioner's brief also fails to address cause or prejudice, in his petition for writ of habeas corpus and his objections to the magistrate's report and recommendation. [ECF No. 1, 24]. As such, the Court agrees with the Report and Recommendation in determining Petitioner's claim is defaulted, and accordingly Petitioner's objection will be overruled.

> e. *Petitioner's contention the Magistrate Judge's Report and Recommendation misapprehends the facts and the law.*

Petitioner also makes a general statement at the end of his objections, where he contends the Report and Recommendation misapprehends the facts and the law. The Court takes this more as a general statement and not an objection to the report in whole. Even if it was such a general objection, the Court would overrule it, as district Courts do not need to conduct a de novo determination on non-specific objections. *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984)). Therefore to the extent this is an objection, the Court overrules this objection as well.

## IV. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 481 (2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

The Court agrees with the Magistrate Judge, the Petitioner has not made a substantial showing, and therefore a certificate of appealability should not be issued in this matter.

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on February 18th, 2016 [ECF No. 23] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the Petitioner Luke Brown's Objections to the Magistrate Judge's Report and Recommendations are specifically overruled.

**IT IS FURTHER ORDERED** that the Petitioner Luke Brown's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

So Ordered this 14th Day of March, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE